**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 1 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LARRY LEE TAYLOR, JR.,
a/k/a Fat Cuzz,

Defendant-Appellant.

No. 00-6435
(D.C. No. 00-CR-96-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **BALDOCK** , Circuit Judges,  and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On August 16, 2000, Larry Lee Taylor, Jr. entered a guilty plea to robbery by force while using a firearm, a violation of 18 U.S.C. § 2113(a) and (d) (count one), and brandishing a firearm in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two). The district court sentenced Taylor to sixty months on count one and eighty-four months on count two, with the sentences to run consecutively. Taylor appeals from this sentence, arguing that the district court should have awarded him a reduction in base offense level. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm.

The sole issue on appeal is whether the district court erred by refusing to grant Taylor a two-level reduction in base offense level as a minor participant pursuant to U.S. Sentencing Guidelines Manual § 3B1.2(b). "Section 3B1.2 provides the district court with discretion to grant a base offense level reduction if it finds a defendant is less culpable relative to other participants in a given offense." *United States v. Santistevan*, 39 F.3d 250, 254 (10th Cir. 1994).

The facts surrounding Taylor's role in the crime are undisputed. On April 25, 2000, Taylor drove with Esi McNeal and Nedra Hendricks to the All America Bank in Oklahoma City. Hendricks went in the bank to look for security guards or male employees. After Hendricks returned, Taylor went in the bank to again check for security guards. The three then drove around for approximately twenty minutes before returning to the bank. Next, McNeal and Taylor, armed with

handguns, entered the bank. McNeal pointed his gun at a teller and ordered bank employees to give him the money from the cash drawers. While McNeal was collecting the money, Taylor held two female bank employees at gunpoint. McNeal and Taylor left the bank with $11,557.00, and Hendricks drove them all to an apartment where they divided the proceeds.

We review the district court's decision for clear error, because the court's determination that Taylor was more than a minor participant is a finding of fact. *See United States v. Onheiber*, 173 F.3d 1254, 1258 (10th Cir. 1999). Under the clearly erroneous standard, a district court's findings of fact will not be reversed unless they are without support in the record, or if after reviewing the evidence, the court is left with the definite and firm conviction that a mistake has been made. *Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 892 (10th Cir. 2000). Moreover, "a defendant has the burden of establishing, by a preponderance of the evidence, that he is entitled to a reduction in base offense level under § 3B1.2." *Onheiber*, 173 F.3d at 1258.

In his objection to the presentence investigation report, Taylor attempted to portray his role as minor in comparison to McNeal's role as leader of the group. In rejecting the contention that Taylor was a minor participant, the district court focused on the fact that Taylor had held bank employees at gunpoint during the robbery. Other facts also support the conclusion that Taylor's role was not minor.

Before the robbery, Taylor entered the bank to look for security guards. After the robbery, Taylor received over half the stolen money. The record amply supports the district court's determination that Taylor's role in the offense was not minor or minimal. The district court's findings are not clearly erroneous.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge